```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X     For Online Publication Only
ERDI ZORBACI, KAZIM KILINC, and
HARUN RODOS,
                                                                              ORDER
                                        Plaintiffs,                           23-cv-9359 (JMA)(ARL)

              -against-                                                       FILED
                                                                              CLERK
MONTAUK BULK CARRIERS INC.,                                                   3/14/2025 1:28 pm
USTUN KOCAL, and MUTLU KOCAL,                                                 U.S. DISTRICT COURT
                                                                              EASTERN DISTRICT OF NEW YORK
                                                                              LONG ISLAND OFFICE
                                        Defendants.
------------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Currently pending before the Court is a motion for default judgment filed by Plaintiffs Erdi Zorbaci, Kazim Kilinc against Defendants Montauk Bulk Carriers Inc., Ustun Kocal, and Mutlu Kocal (collectively, "Defendants"). Plaintiffs allege that Defendants failed to: (1) pay them minimum wages and overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq.; (2) pay them regular wages (i.e., straight-time wages) in violation of the NYLL; (3) pay them spread of hours compensation in violation of the NYLL; and (4) provide them with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively. For the reasons stated below, Plaintiffs' motion for a default judgment is GRANTED in part and DENIED in part and Plaintiffs are awarded the amounts set out below.

## I. DISCUSSION

### A. Defendants Defaulted

The record reflects that Defendants were properly served in this action. Defendants, however, have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds Defendants in default.

B. **Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendants' liability as a matter of law. Id. Here, those requirements are met except for Plaintiffs' wage statement and wage notice claims.

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. The Court further finds that the Complaint's allegations constitute violations of the minimum wage and overtime provisions of the FLSA and the NYLL as well as violations of the NYLL's requirements concerning the payment of regular wages and spread of hours pay.

The Court, however, finds that Plaintiffs' allegations concerning their wage statement and wage notice claims under the NYLL are insufficient to plausibly allege standing for these claims. To establish standing for these claims, "a plaintiff must show some causal connection between the lack of accurate [wage] notices and [a] downstream harm." Guthrie v. Rainbow Fencing Inc., 113 F.4th 300, 308 (2d Cir. 2024). In Guthrie, the Second Circuit explained that:

> A plaintiff-employee may have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion. But the plaintiff-employee cannot "assume[ ] [t]his conclusion without analysis" or rely on "speculation and conjecture." Rather, the plaintiff-employee must support a plausible "theory as to how he was injured by [the] defendants' failure to provide the required documents."

Id. at 309 (cleaned up). Here, Plaintiffs have not provided any "plausible allegations" or any evidence that they "suffered a concrete injury because of" Defendants' "failure to provide the required notices and statements." Id. at 311. Accordingly, Plaintiffs lack standing to sue for these statutory violations.

2

C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence.  See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

The record—which includes Plaintiffs' declarations and damages calculations—establishes the damages amounts set out below to a reasonable certainty.  Except for Plaintiffs' damages calculations concerning the wage notice and wage statement claims (for which the Court awards no damages), the Court adopts the damages calculations set out in Plaintiffs' damages calculations. Those damages calculations are supported by Plaintiffs' declarations and reflect damages amounts that Plaintiffs have established to a "reasonable certainty."

The Court hereby awards:  Erdi Zorbaci $42,222.76 in total damages[1]; Kazim Kilinc $39,811.82 in total damages; and (3) Harun Rodos $13,173.17 in total damages.

---

[1] The Court's March 10, 2025 Order erroneously awarded Zorbaci "$42,22.76."  The correct amount of Zorbaci's damages award is $42,222.76.

## II. CONCLUSION

For the reasons stated above, Plaintiffs' motion for a default judgment is granted in part and denied in part. Defendants are jointly and severally liable to: (1) Erdi Zorbaci in the amount of $42,222.76; (2) Kazim Kilinc in the amount of $39,811.82; and (3) Harun Rodos in the amount of $13,173.17. The Court further orders Defendants to pay Plaintiffs post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

As is required of any court issuing an "order awarding [NYLL] remedies," the Court makes clear that, under NYLL § 198, "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL §§ 198(4), 663(4); see Martinez v. Dannys Athens Diner Inc., No. 16-cv-7468, 2017 WL 6335908, at *6 (S.D.N.Y. Dec. 5, 2017).

The Clerk of the Court is directed to enter judgment accordingly and close this case. Plaintiffs are directed to mail a copy of this Order and the judgment to Defendants and to promptly file proof of service on ECF.

**SO ORDERED.**

Dated: March 14, 2025
Central Islip, New York

                                                    /s/   (JMA)
                                                 JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE